No. 17,527.

North Sterling Irrigation District, et al. *v.*
John Knifton, et al.
(286 P. [2d] 612)

Decided August 2, 1955.

Mr. T. Murray Robinson, Messrs. Kreager & Sublett, for plaintiffs in error.

Mr. Jesse M. Davis, Mr. Gordon Watts, Messrs. Lennartz & Walrod, for defendant in error Shell Oil Company.

Messrs. LENNARTZ & WALROD, Mr. N. BOYD ECKER, for defendants in error John Knifton and Charles J. Knifton.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

JOHN KNIFTON, Charles J. Knifton and Shell Oil Company, a corporation, as plaintiffs, began an action under the provisions of our Uniform Declaratory Judgment Law (Rule 57, R.C.P. Colo.) against The North Sterling Irrigation District, a corporation, hereinafter referred to as ditch company, Stafford Rogers and Lee A. Adams, as defendants, to have judicially determined plaintiffs' title and right of ownership in the land as well as the oil and gas and minerals underlying the same, which title and rights thereunder is now claimed adversely by defendants. To plaintiffs' amended complaint defendants filed an answer and thereafter their motion for judgment on the pleadings, which motion was denied, whereupon defendants sued out a writ of error seeking a reversal of the "Judgment" of the trial court.

In this litigation the parties hereto sought a determination of the ownership of a certain tract of land deeded by plaintiffs Knifton's predecessor in interest to defendant The North Sterling Irrigation District for the purpose of constructing a canal thereon. Plaintiffs Knifton and their lessee take the position that title to said tract as well as oil, gas and other mineral rights underlying the strip of land occupied by the ditch company for its canal is vested in them, while the ditch company and its lessee contend that the right of way deed from plaintiffs' predecessor in interest conveys a fee simple title to that tract vesting in them all the oil, gas and mineral rights underlying the right of way. To plaintiffs' amended complaint defendants filed their answer,

denying all of the allegations contained therein, and after first filing a motion to dismiss the amended complaint on the grounds of insufficient facts, they filed their motion for judgment on the pleadings. Defendants' motions were both "denied and overruled" by the court, whereupon defendants sued out this writ of error.

Our Rule 111, R.C.P. Colo., provides that a writ of error shall lie from the Supreme Court to a *final* judgment of any district court, and unless we now hold that rulings upon said motions terminate in a final judgment rather than an interlocutory order, the writ of error must be dismissed.

We have examined all of the decisions announced by this court in which motions for judgment on the pleadings were involved, and, without exception, we have never held that the denial of a motion for judgment on the pleadings is a final judgment subject to review by writ of error. The writ of error here is premature and fragmentary; the order overruling the motions is interlocutory. Until a final judgment has been rendered and entered, no substantial rights of the parties have been determined or effected. Every right of the parties after the ruling upon said motions continues as before such order "denying and overruling" the same was entered. The legal rights of the parties to the fee title and the oil, gas and other mineral rights underlying the tract of land in question have never been determined by the trial court.

The writ of error is dismissed and the cause remanded to the trial court for further proceedings consistent with the views herein expressed.

MR. JUSTICE MOORE does not participate.