GREGORY LEWIS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9850

SAMUEL CULVERSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9994

December 7, 1978                                    588 P.2d 541

---

*Houston & Moran,* Las Vegas, for Appellant Lewis.

*Swanson & Momot, Ltd.,* Las Vegas, for Appellant Culverson.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellants stand convicted, by jury verdict, of robbery (NRS 200.380) and having used a deadly weapon in the commission of that crime (NRS 193.165).[1] Appellants contend we are compelled to reverse their convictions because (1) their constitutional rights to due process of law were violated; (2) the district court erred in instructing the jury; and, (3) the district court erred in denying their motions for a new trial. We disagree.

---

[1]Pursuant to stipulation of counsel, these cases were consolidated for appeal.

1.  Appellants contend (a) they were denied due process of law because the prosecuting attorney knowingly allowed perjured testimony to be admitted at trial and, (b) the prosecuting attorney suppressed material evidence which would have impeached the victim's testimony. Appellants have failed to present any facts to support these contentions.

2.  Appellants failed to object to the alleged improper instruction at the time it was given to the jury. Where, as here, the giving of an instruction to the jury does not constitute plain error, the failure to object precludes appellate consideration. Cutler v. State, 93 Nev. 329, 566 P.2d 809 (1977).

3.  Finally, appellants contend they were entitled to a new trial because three jurors discussed the testimony and evidence adduced at trial before the case had been submitted to them for deliberation.

At the hearing on the motion for a new trial, the three jurors each testified that his or her decision was based solely upon the evidence presented at trial. In addition, the record fails to indicate that the discussion either affected the jurors' deliberations or otherwise prejudiced appellants' right to a fair trial. Under these circumstances, we perceive no abuse of the trial court's discretion in denying appellants' motion for a new trial. *See* Atwell v. State, 354 So.2d 30 (Ala.Crim.App. 1977). *Cf.* Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972).

The judgments are affirmed.