THE STATE OF NEVADA, APPELLANT, *v.* JOHN THACKER, JOHN WELCH AND RUSSELL HOLT, RESPONDENTS.

No. 10519

June 28, 1979                                    596 P.2d 508

*Richard A. Wagner,* District Attorney, Pershing County, for Appellant.

*Evans & Bilyeu,* Elko; *Richard Legarza,* Winnemucca; and *J. Rayner Kjeldsen,* Lovelock, for Respondents.

## OPINION

*Per Curiam:*

Following their conviction by jury verdict of grand larceny of two calves, NRS 205.225, respondents successfully moved the district court for a new trial on the ground that one of the jurors used his special knowledge as a cattleman to present unauthorized evidence to the jury. Contending the trial court abused its discretion in granting the new trial, the state appeals.

It is now settled that a motion for new trial may be premised upon juror misconduct where such misconduct is readily ascertainable from objective facts and overt conduct without regard to the state of mind and mental processes of any juror. Barker v. State, 95 Nev. 309, 594 P.2d 719 (1979). It is likewise a fundamental principle that in reaching their verdict, jurors are confined to the facts and evidence regularly elicited in the course of the trial proccedings. *Id.*

At the hearing on respondents' motion for new trial, juror Martin Morris, employed as superintendent in charge of cattle operations at Nevada Nile Ranch, where the cattle were impounded, testified that during the deliberations of the jury, a

question arose as to the weight and age of the cattle at the·time they were seized and impounded by the authorities. Although no evidence was presented at trial concerning the weight of the cattle or what the animals had been .fed during the impound, juror Morris, drawing on his special knowledge of cattle and feed, computed an estimate of what he thought the calves weighed at the time they were impounded and gave his information to the other jurors.[1]

The size of the calves at the time of the impound was a fact critical to respondents' case. During trial, respondents took the position that the calves seized and impounded were not the animals that had been stolen since they were larger than the ones allegedly taken. The jury was allowed to view the impounded animals and several pictures were admitted into evidence.

Although no other jurors testified or offered affidavits, the trial judge concluded that some members of the jury may have been influenced by Morris' comments, and we concur in that determination.

"The unsworn testimony of a juror as to a fact which is relevant to the determination of an issue before the jury constitutes misconduct in itself. (Citation omitted.)" Barker v. State, *supra,* at 312, 594 P.2d at 721. Here, we can neither say that the prejudice to respondents was harmless beyond a reasonable doubt, nor that in granting respondents' motion, the trial judge erred as a matter of law. *Id.;* Lewis v. State, 94 Nev. 722, 588 P.2d 541 (1978); Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978). See also NRS 175.121.[2] Morris' testimony in the jury room rebutted respondents' theory of the case. The verdict was tainted with such impropriety as to warrant a new trial, and the district judge acted within his discretion in so ruling.

We affirm the order granting a new trial.

---

[1]It is clear to us that Morris' unsworn opinion, founded on his special knowledge, influenced the verdict. Prior to the presentation of his computations, the vote of the jury was nine to three, the majority favoring acquittal. Thereafter, Morris replaced the previously appointed foreman (who allegedly asserted that he could not sign his name to a guilty verdict), after which the jury unanimously favored returning a guilty verdict.

[2]NRS 175.121 provides in part:

1. The judge shall then admonish the jury that

(a) No juror may declare to his fellow jurors any fact relating to the case as of his own knowledge . . . .

. . .

4. If it appears that the juror has declared any fact relating to the case to his fellow jurors as of his own knowledge, or that his vote was influenced by such knowledge undisclosed, the judge shall declare a mistrial.