THOMAS LAMAR BONACCI, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11535

December 18, 1980                                    620 P.2d 1244

*Jack B. Ames,* Elko, for Appellant.

*Richard Bryan,* Attorney General, Carson City, and *Thomas L. Stringfield,* District Attorney, Elko County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

A jury found appellant Bonacci guilty of knowingly and intentionally attempting to sell LSD, a controlled substance. *See* NRS 453.321(1). On appeal, appellant contends the district

court deprived him of a fair trial, by denying his motion for a change of venue, by denying his motion for a mistrial based on prosecutorial misconduct, by certain evidentiary rulings, and by incorrect jury instructions on entrapment. We find no merit in any of these contentions.

1. Prior to jury selection, which began on June 15, 1978, appellant moved to change venue on grounds that prejudicial pretrial newspaper publicity precluded selection of an impartial jury.[1] The court reserved decision on the motion, pending an attempt to select a fair jury through the *voir dire*. Once a jury was empaneled, appellant renewed his motion,[2] which the district court denied.

NRS 2.110 provides in pertinent part: "An order changing or refusing to change the place of trial shall not be appealed from on an appeal from a judgment, but only on direct appeal from the order changing or refusing to change the place of trial." Appellant took no appeal directly from the district court's order denying his motion, and hence this issue is not jurisdictionally before us.[3] NRS 2.110; Anderson v. State, 86 Nev. 829, 838, 477 P.2d 595 (1971).

2. In his initial remarks to the jury, the trial judge noted, *inter alia:* "What is said in the opening statement is not evidence. The statements simply serve the purpose of an introduction to the evidence which the party making the statement intends to produce." The prosecutor then made an opening statement, after which appellant's counsel moved for a mistrial on grounds the prosecutor included hearsay remarks indicating that appellant was a "major interstate supplier of drugs." The court denied appellant's motion, but admonished the prosecutor "not to make any more remarks along those lines," and

[1]The defendant cited one article headlined, "Walking Drugstore Faces District Court Trial Thursday," published in the Elko Daily Free Press of June 13, 1978, as sufficient to warrant a change of venue. In pertinent part the article read: "Elko County District Court trial begins Thursday for Tom Lamar Bonacci who a State narcotics agent once referred to as a 'walking drugstore.' Jury selection begins at 9:30 a.m. in the district courtroom."

[2]Defendant's counsel contended in argument to the court that six of the twelve jurors selected had admitted to having read the offending article; however, the transcript of the *voir dire* examination was not included in the record on appeal, and nothing in the record presented to us indicates that these six jurors were prejudiced unduly by having read the article. Nor does the record indicate that any of these jurors was unsuccessfully challenged for cause by the defendant. .

[3]Following trial, appellant filed a notice of appeal, reciting only that he was appealing "the above entitled matter, including but not limited to the entry of judgment and sentence entered on the 24th day of August, 1978."

once again reminded the jury that "arguments of counsel are not evidence."

On appeal, appellant contends that the district court erred in not granting his motion for a mistrial. He has failed to provide this court a record containing the prosecutor's statement, however, and this is at the heart of the issue he seeks to raise. Thus, we cannot determine that the trial court abused its discretion. A Minor v. State, 85 Nev. 323, 325, 454 P.2d 895 (1969); Lee v. Sheriff, 85 Nev. 379, 380, 455 P.2d 623 (1969).

3. When arrested, appellant allegedly had eight different controlled substances in his possession, although he subsequently was charged solely with attempted sale of LSD. At trial, the prosecutor sought to introduce evidence concerning possession of the other controlled substances to show intent and motive to commit the crime charged, or to show absence of mistake or accident.[4] The court admitted evidence concerning other controlled substances, and duly advised the jury that they should consider it only for the aforementioned limited purposes. Later, the court again so informed the jury with a specific instruction read immediately prior to their deliberations.

In Nester v. State, 75 Nev. 41, 54, 334 P.2d 524 (1959), this Court stated:

> In order to established admissibility, then, it is not enough to establish that the evidence of a separate offense is relevant and competent under one of the exceptions to the general rule excluding such evidence. Even where relevancy under an exception to the general rule may be found, fair trial demands that the evidence not be admitted in cases where, by virtue of its prejudicial nature, it is more likely to distract from the essential issue than to bear upon it.
>
> Whether, under the circumstances, admission of the evidence interferes with fair trial, can hardly be determined by fixed rule of law. It would seem to require, instead, the exercise of judicial discretion of the trial judge.

We have consistently applied this rule in subsequent cases. *See, e.g.* Williams v. State, 95 Nev. 830, 603 P.2d 694 (1979); Reese v. State, 95 Nev. 419, 596 P.2d 212 (1979).

---

[4]NRS 48.045(2) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Here, the challenged evidence was relevant and competent under exceptions to the general rule outlined in NRS 48.045(2), and appellant has admitted as much. Thus, the resolution of this assignment of error must turn on assessment of the trial court's exercise of discretion, and as to such matters, we have said:

> The duty placed upon the trial court to strike a balance between the prejudicial effect of such evidence on the one hand, and its probative value on the other is a grave one to be resolved by the exercise of judicial discretion . . . *Of course the discretion reposed in the trial judge is not unlimited, but an appellate court will respect the lower court's view unless it is manifestly wrong.* (Emphasis added.)

Brown v. State, 81 Nev. 397, 400, 404 P.2d 428 (1965) (citations deleted).

The record on appeal shows no manifest wrong in the exercise of the trial court's discretion, and consequently admitting the evidence of other controlled substances did not constitute reversible error.[5]

4. As an affirmative defense, appellant attempted to show entrapment. The trial court gave the jury three instructions related to this issue, and also gave several instructions concerning the prosecution's burden of proving guilt beyond a reasonable doubt on each element of the crime charged. Appellant's counsel neither objected to the court's instructions, nor did he proffer any additions or substitutes; however, now he contends the court inadequately instructed the jury on entrapment.[6]

---

[5]The trial court's decision to admit the evidence also finds support in NRS 48.035(3), which provides:

"3. Evidence of another act or crime which is so closely related to an act in controversy or a crime charged that an ordinary witness cannot describe the act in controversy or the crime charged without referring to the other act or crime shall not be excluded, but at the request of an interested party, a cautionary instruction shall be given explaining the reason for its admisssion."

The drug sale in question involved numerous controlled substances; all substances confiscated by the police were in the one brown paper bag; the discussion between appellant and the narcotics agents involved controlled substances in addition to LSD.

[6]The court instructed the jury as follows:

"No. 11. You are instructed that if you believe that Robert Rowell asked the defendant to get some controlled substance for him; and that Defendant undertook to act in behalf of Robert Rowell rather than on this own behalf, and in doing so obtained controlled substances from a third person with whom he was not associated in selling controlled substances, and that the Defendant

We have held that when a defendant's counsel has not only failed at trial to object to jury instructions, but has agreed to them, the failure to object or to request special instructions precludes appellate consideration. McCall v. State, 91 Nev. 556, 557, 54 P.2d 95 (1975); Van Valkenberg v. State, 95 Nev. 317, 318, 594 P.2d 707 (1979), citing *McCall*. The only exception we have recognized to this otherwise absolute rule is one for plain error. Cutler v. State, 93 Nev. 329, 337, 566 P.2d 809 (1977); Lewis v. State, 94 Nev. 727, 729, 588 P.2d 541 (1978), citing *Cutler*. The controlling rule for the instant issue is that set forth by this court in *Cutler:* "Where . . . the giving of an instruction does not constitute plain error, the failure to object precludes appellate consideration." *Id.* at 337.

In the instant matter the trial judge's instructions seem to be in general conformity with the law as set down by this court. Instruction No. 11 was obviously patterned after the instruction sanctioned by this court in Roy v. State, 87 Nev. 517, 518, 489 P.2d 1158 (1971), and Instruction No. 14 is properly based on the law concerning entrapment established by this court in Lisby v. State, 82 Nev. 183, 186, 414 P.2d 592 (1966) and Wyatt v. State, 77 Nev. 490, 495, 367 P.2d 104 (1961). Hence, we do not consider the giving of such instructions to be plain or fundamental error, and we decline to consider arguments tendered for the first time on appeal.

The judgment entered below is affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

---

thereafter delivered the controlled substance to a State Narcotic Agent, the Defendant is not a seller and cannot be convicted of the offense of attempting to sell a controlled substance.

"No. 13. Entrapment is the seduction or improper inducement to commit a crime for the purpose of instituting a criminal prosecution, but if a person in good faith and for the purpose of detecting or discovering a crime or offense, furnishes the opportunity for the commission thereof by one who has the requisite criminal intent, it is not entrapment.

"No. 14. The defendant has the burden of proving by preponderance of the evidence that he was entrapped into the commission of the crime. Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth."