GARY RUSSELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13181

April 21, 1983                                          661 P.2d 1293

*Powell and Ray,* Carson City, for Appellant.

*Brian McKay,* Attorney General; *William A. Maddox,* District Attorney, and *Robert B. Walker, Jr.,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by a jury of one count of grand larceny, and he now appeals this conviction. Appellant primarily contends that the trial court abused its discretion in denying his motion for a new trial, which was based on the theory of juror misconduct. We agree.

At appellant's trial in Carson City, appellant's employer testified that appellant had been at work in Reno on the day the offense occurred until approximately 5:00 p.m., and perhaps even later. The offense had taken place in Carson City sometime between 5:30 p.m. and 5:45 p.m. During closing argument, appellant's counsel argued that appellant would not have been able to get to Carson City from Reno in time to commit the offense. No evidence was presented at trial, however, concerning the actual travel time between Reno and Carson City.

During a recess in the trial proceedings, a juror drove to Reno, and then measured the time it took him to drive to Carson City from appellant's place of employment in Reno. During the jury's deliberations, he informed the other jurors that it had taken him twenty-five minutes to travel this distance.

Upon being informed of the juror's actions, appellant brought a motion for a new trial. At the hearing on this motion, the trial court apparently agreed with appellant that the juror's actions constituted misconduct, but concluded that the misconduct was harmless beyond a reasonable doubt. *See* State v. Thacker, 95 Nev. 500, 596 P.2d 508 (1979); Barker v. State, 95 Nev. 309, 594 P.2d 719 (1979).

Given the facts as described above, we conclude that the trial court abused its discretion in finding the misconduct harmless beyond a reasonable doubt.

First, as noted in the *Barker* case, juror misconduct is particularly egregious where, as here, the juror has engaged in independent "research" of the facts. 95 Nev. at 312. Moreover, the information disclosed by the juror related to a crucial aspect of appellant's defense. Appellant's case was therefore significantly harmed by his inability to cross-examine the juror, during the trial, concerning the many variables which may have affected his driving time. Lastly, we cannot classify the evidence presented against appellant as being so overwhelming as to render the juror's misconduct harmless beyond a reasonable doubt.[1]

Accordingly, appellant's conviction is hereby reversed, and the matter is remanded to the district court for a new trial.[2]

---

[1] The trial court concluded that the juror's misconduct was harmless beyond a reasonable doubt primarily because the travel time between Reno and Carson City was a matter of "common knowledge." Even if this could serve as a basis for rendering misconduct harmless beyond a reasonable doubt, we do not agree with the trial court that the driving time between two exact points in Reno and Carson City can be categorized as "common knowledge." There are simply too many variables which can affect driving time, including weather conditions, traffic conditions and the driver's speed.

[2] Appellant also contends that the district court erred by admitting certain prior inconsistent statements of witness Laird. For the guidance of the trial court upon remand, we have considered this contention and we find it without merit. Laird's prior inconsistent statements were admissible. *See* NRS 51.035.