**DESTINATION TRAVEL, INC., a Colorado corporation, Plaintiff–Appellee and Cross–Appellant,**

v.

**Harvey McELHANON, Defendant–Appellant, Third–Party Plaintiff–Appellant, and Cross–Appellee,**

v.

**Laura NEWMAN, Third–Party Defendant–Appellee.**

**Nos. 89CA0904, 89CA1009.**

Colorado Court of Appeals,
Div. III.

Sept. 20, 1990.

---

Haligman and Lottner, P.C., Richard I. Brown, Solomon L. Leftin, Englewood, for plaintiff-appellee and cross-appellant Destination Travel, Inc., and third-party defendant-appellee Laura Newman.

Dixon and Snow, P.C., Rod W. Snow, Denver, for defendant-appellant, third-party plaintiff-appellant, and cross-appellee.

Opinion by Judge DUBOFSKY.

Defendant, Harvey McElhanon, appeals the denial of his motion for new trial after entry of a judgment granting plaintiff, Destination Travel, Inc., rescission of its contract with defendant and awarding it damages. Plaintiff cross-appeals the trial court's refusal to award attorney fees pursuant to the contract. We affirm the denial of attorney fees, reverse the denial of defendant's motion for new trial because of juror misconduct and remand for an evidentiary hearing on this motion.

In May 1986, plaintiff entered into a joint operating agreement with Travel Express Company, a travel agency owned and operated by defendant. Under the terms of the agreement, plaintiff was responsible for providing management services and defendant was required to pay a fixed sum for a one-half interest in the combined operation.

Approximately one year later, plaintiff terminated its association with Travel Express and commenced this action to rescind the joint operating agreement. Plaintiff's damage claim alleged that it was due compensation for work done by its employees pursuant to the joint operating agreement. Thus, in determining plaintiff's damages, the pay rate of plaintiff's employees who did such work was a necessary evidentiary factor. Defendant answered the complaint and filed a third-party claim against Laura Newman, an officer of plaintiff. In response, Newman asserted a slander claim against defendant.

The jury found that plaintiff was entitled to rescission of the contract and awarded $67,000 against defendant for the management services provided by plaintiff. The jury also found for Newman on the slander claim and awarded nominal damages.

## I.

Defendant contends the trial court erred in summarily denying his motion for new trial based on juror misconduct. We agree.

Defendant's motion alleged that the jury's valuation of plaintiff's management services was based in part on extraneous information presented by certain jurors during deliberations. In support of the motion, defendant submitted affidavits by his attorney which summarized the attorney's post-trial conversations with two members of the jury. According to the affidavits, two jurors had stated that one other juror had provided members of the jury with estimates, based on prior busi-

ness knowledge and experience, of what he assumed would have been the appropriate salaries for several of plaintiff's employees.

■ A party seeking a new trial on the basis of a jury's exposure to extraneous information must establish that the information was revealed to the jury and that the information had the capacity to influence the verdict. *See Ravin v. Gambrell*, 788 P.2d 817 (Colo.1990); *Butters v. Dee Wann*, 147 Colo. 352, 363 P.2d 494 (1961).

CRE 606(b) states, in relevant part:

"Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jurors' attention* or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes." (emphasis added)

■ Jurors are permitted to use their common knowledge and observations in life in deciding cases. *See Mutual Life Insurance v. Good*, 25 Colo.App. 204, 136 P. 821 (1913). However, jurors are not permitted to rely on specialized factual knowledge they have learned from outside the record which bears on relevant issues in a case. The use of such outside factual knowledge during the course of the jury's deliberations violates the jurors' responsibility to base their determination solely on the evidence presented in the case. Furthermore, the use of this outside knowledge deprives the parties of the right to cross-examine or otherwise to rebut its validity.

In discussing this matter, the court, in *Head v. Hargrave*, 105 U.S. 45, 26 L.Ed. 1028 (1882), stated:

"While they [jurors] cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry."

The boundary line between general knowledge and specialized outside knowledge of facts can be vague and difficult to determine. *Gault v. Poor Sisters of Saint Francis*, 375 F.2d 539 (6th Cir.1967); *see* Mueller, *Jurors' Impeachment of Verdicts and Indictments in Federal Court under Rule 606(b)*, 57 Neb.L.Rev. 920 (1978).

The courts have, however, generally accepted the distinction and allowed the impeachment of verdicts if it is demonstrated that specialized knowledge of facts obtained outside the record by jurors *may* have contributed to the verdict. *Hard v. Burlington Northern R.R.*, 812 F.2d 482 (9th Cir.1987) (juror's statements about defendant's railroad and settlement practices warranted a hearing to determine if extraneous information was in fact communicated); *State v. Thacker*, 95 Nev. 500, 596 P.2d 508 (1979) (verdict set aside where a juror's outside special knowledge of cattle weight and price was used by jury on similar critical issues in the case); *see United States ex rel. Owen v. McMann*, 435 F.2d 813 (2d Cir.1970), *cert. denied*, 402 U.S. 906, 91 S.Ct. 1373, 28 L.Ed.2d 646 (1971) (jurors' statements to jury that defendant had been in trouble before constituted prejudicial error); *United States v. McKinney*, 429 F.2d 1019 (5th Cir.1970) ("while jury may leaven its deliberations with its wisdom and experience, in doing so it must not bring extra *facts* into the jury room"); *Plaster v. Roper*, 152 S.W.2d 927 (Tex.Civ. App.1941) (reversible error for contractor juror to calculate construction damages for jury from his personal experience rather than evidence at trial); *Jones v. Sieve*, 203 Cal.App.3d 359, 249 Cal.Rptr. 821 (1988); *People v. Brown*, 48 N.Y.2d 388, 423 N.Y. S.2d 461, 399 N.E.2d 51 (1979); *El Paso*

*Electric Co. v. Cannon,* 128 Tex. 613, 99 S.W.2d 907 (1937).

Commentators in the field of evidence also agree that jury verdicts can be impeached on the basis that specialized relevant facts from outside of the record were communicated to and relied on by jurors. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 606[04] at 44 (4th ed. 1988); 3 D. Louisell & C. Mueller, *Federal Evidence* § 288 at 133 (1979); S. Gard, *Jones on Evidence* § 2:8 at 39 (6th ed. 1972).

■ Here, the attorney's affidavits indicate that the jurors made improper assumptions about the employees' pay in determining damages. However, jurors are permitted to make the best use of existing evidence to determine damages. Also, the amount of damages is often imprecise and jurors are expected to make their best estimation of the appropriate amount. *See Peterson v. Colorado Potato Flake & Mfg. Co.,* 164 Colo. 304, 435 P.2d 237 (1967). Therefore, to the extent defendant's claims of misconduct are based on general allegations of improper assumptions by the jury in determining damages, we reject the assertion that a hearing is required or that the jury verdict must be set aside. *See Ortega v. Perrini & Son, Inc.,* 371 So.2d 203 (Fla.Dist.Ct.App.1979).

■ As is usually done, the jury here was instructed to consider only the evidence adduced at trial. Therefore, if facts from outside the record were presented to the jury, there may be grounds for impeachment of the verdict.

The affidavits also reflect that the figures which were used to determine the employees' monthly salaries did not come from general knowledge or evidence produced at trial, but rather resulted from specific factual information from outside the record. Apparently these facts were learned by the jurors prior to trial. Although this allegation is imprecise regarding the exact origin of the information, it does provide a sufficient basis to require a hearing.

Generally, an evidentiary hearing should be held to determine whether extraneous prejudicial information was in fact communicated to the jury. *Wiser v. People,* 732 P.2d 1139 (Colo.1987).

However, defendant argues that the statements in the affidavits are sufficient to require a new trial. We disagree that such a remedy is required at this juncture. We remand this case to the trial court to hold a hearing to determine if specialized factual knowledge from outside the record was communicated to the jury. *Wiser v. People, supra; Butters v. Dee Wann, supra; see United States v. Perkins,* 748 F.2d 1519 (11th Cir.1984).

In requiring a hearing despite a lack of information as to the exact origin of this apparent outside knowledge, we recognize there are often inherent limitations on how much admissible information an attorney can obtain from a juror because of the limitations of CRE 606(b). We also recognize that jurors have the right to refuse to speak with attorneys and that attorneys must not be overly assertive in dealing with jurors.

Here, the statements attributed to the jurors in the affidavits are admissible under CRE 606(b) on the question of whether the jury discussed or considered matters beyond the evidence admitted at trial, *see Aldrich v. District Court,* 714 P.2d 1321 (Colo.1986), and are sufficient to warrant an evidentiary hearing on the issue of juror misconduct. *Cf. Wiser v. People, supra.* Accordingly, we remand this case for a hearing on defendant's motion for new trial.

## II.

■ On cross-appeal, plaintiff contends the trial court erred in refusing to award attorney fees pursuant to the joint operating agreement. We disagree.

In *Pickinpaugh v. Morton,* 268 Or. 9, 519 P.2d 91 (1974), the Oregon supreme court addressed the issue of whether a party prevailing on a claim for rescission of a contract may claim the benefit of an attorney fee provision in the contract.

"[P]laintiffs' election to rescind the ... agreement cancelled all of plaintiffs' contractual rights to the benefits of the contract, including an award of attorney's fees in the event of litigation. A contrary holding would allow plaintiffs to insist on defendant's performance of the contract insofar as the performance benefits plaintiffs, while avoiding those aspects of the contract which are burdensome to plaintiffs. Since the agreement concerning attorney fees is not separable from the contract in question or supported by independent consideration, plaintiffs cannot rescind the contract in part and at the same time affirm it in part."

We find this reasoning persuasive. *See Gerbaz v. Hulsey,* 132 Colo. 359, 288 P.2d 357 (1955) (a party cannot affirm a contract in part and disaffirm it in part). Accordingly, we conclude that the trial court's denial of the motion for attorney fees was correct.

### III.

Defendant contends the trial court erred in denying his motion for judgment on the pleadings as to the slander claim. We decline to address this contention, as an order denying a motion for judgment on the pleadings is not a final judgment subject to review. *North Sterling Irrigation District v. Knifton,* 132 Colo. 212, 286 P.2d 612 (1955).

The trial court's denial of plaintiff's motion for attorney fees is affirmed. Defendant's request for attorney fees due to frivolous appeal is denied. The court's denial of defendant's motion for new trial on plaintiff's contract claim is reversed, and the cause is remanded for an evidentiary hearing on defendant's motion. In the event that the court concludes that a new trial is necessary, such trial shall be limited to the amount of damages to be awarded plaintiff for the management services provided by it. If the court determines that no juror misconduct occurred, then it shall enter an order denying the motion for new trial.

TURSI and NEY, JJ., concur.