**Phyllis KENNEDY and Orvin Kennedy, Plaintiffs–Appellants,**

v.

**GILLAM DEVELOPMENT CORPORATION, Defendant–Appellee.**

No. 02CA1427.

Colorado Court of Appeals, Div. V.

Oct. 9, 2003.

**928**

Jorgensen, Motycka & Lewis, P.C., Mark A. Herber, Greeley, Colorado, for Plaintiffs–Appellants.

Campbell, Latiolais & Ruebel, P.C., Colin C. Campbell, Brian E. Martin, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CARPARELLI.

Plaintiffs, Phyllis and Orvin Kennedy (buyers), appeal portions of a judgment entered in their favor rescinding a contract with defendant, Gillam Development Corporation (seller), for the purchase of a home. We affirm in part, reverse in part, and remand for further proceedings as necessary.

Buyers bought a new home from seller for $160,264.05. Seller warranted that it would make repairs resulting from defective materials and workmanship, but disclaimed all other express and implied warranties. About four months after closing, buyers discovered water in the basement. Seven months after closing, buyers notified seller that they found seller's repair proposal to be unacceptable and that they intended to seek rescission of the contract. Buyers then sued.

In their complaint, buyers elected not to assert breach of warranty or negligence. Instead, they alleged, in effect, frustration of the purpose of the contract and sought rescission and restitution based on the allegation that "there is no repair possible that would be reasonably consistent with the expectations of the contracting parties." They also asked for costs incurred to improve the property and lost expected appreciation of the property. In a separate claim, they sought attorney fees under the contract.

After a bench trial, the court ruled that seller substantially breached the contract and that buyers were entitled to rescission, as well as damages in the amount of $12,000, closing costs, and attorney fees and costs pursuant to the contract. Accordingly, the court entered judgment in favor of buyers. The court's order allowed buyers to submit their attorney fees affidavit and bill of costs in accordance with C.R.C.P. 121.

After buyers filed their attorney fees affidavit, seller responded and argued, for the first time, that based on *Destination Travel, Inc. v. McElhanon*, 799 P.2d 454 (Colo.App. 1990), buyers should not be awarded attorney fees. The trial court agreed and vacated the award.

Buyers then filed a post-trial motion for reconsideration in which they requested, among other things, an award of prejudgment interest and damages for loss of appreciation in the value of the home. The court denied buyers' motion and also determined that its award of attorney fees to buyers based on the provision in the contract was erroneous because buyers prevailed on their claim for rescission.

This appeal followed.

## I. Attorney Fees

Buyers contend that the trial court erred when it ruled that they were not entitled to attorney fees. We disagree.

### A.

We reject buyers' threshold argument that the trial court lacked jurisdiction to rule on seller's post-trial objection to the award of attorney fees.

Buyers assert that seller's response to their attorney fees affidavit was, in effect, a C.R.C.P. 59(a)(4) motion for post-trial relief to amend the judgment and that it was untimely because it was not filed within fifteen days of the initial entry of judgment as provided in C.R.C.P. 6(e) & 59(a). Buyers argue that, because it was an untimely C.R.C.P. 59(a) motion, the trial court lacked jurisdiction to vacate the award of attorney fees. We are not persuaded.

A "judgment" includes a decree or order from which an appeal lies. C.R.C.P. 54(a). Moreover, an award of attorney fees is distinct and separately appealable from the judgment on the merits. *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988). Such an award "is not final until the amount of fees is set by the trial court." *Axtell v. Park Sch. Dist. R–3*, 962 P.2d 319, 322 (Colo.App.1998)(citing *Ball Corp. v. Loran*, 42 Colo.App. 501, 596 P.2d 412 (1979)).

Because in this case the trial court had not yet determined the amount of the fees, the time to seek to amend the attorney fees award under C.R.C.P. 59(a) did not begin to run.

Hence, we conclude that the trial court had jurisdiction to vacate the award of attorney fees. *See, e.g., Bowman v. Songer*, 820 P.2d 1110 (Colo.1991)(trial court retained jurisdiction to hear a motion to reconsider its order prior to a final judgment).

### B.

Buyers also contend that the trial court erred when it relied on *Destination Travel*, which, they argue, has never been followed and is "illogical, unfair, and contrary to the

strong trend in numerous jurisdictions allowing recovery of attorney's fees pursuant to a rescinded contract." In support of their contention, they cite *Norwood v. Service Distributing, Inc.,* 297 Mont. 473, 994 P.2d 25 (2000); *Mackintosh v. California Federal Savings & Loan Ass'n,* 113 Nev. 393, 935 P.2d 1154 (1997); and *Katz v. Van Der Noord,* 546 So.2d 1047 (Fla.1989). We are not persuaded.

In *Destination Travel,* the plaintiff sought to avoid its obligation to perform under a joint operating agreement. A division of this court concluded that the plaintiff could not avoid its obligations by rescinding the contract and, at the same time, claim the benefit of the contract's attorney fees provision. The division reasoned that the plaintiff's election to rescind "cancelled all of plaintiff's contractual rights to the benefits of the contract, including an award of attorney's fees in the event of litigation." *Destination Travel, Inc. v. McElhanon, supra,* 799 P.2d at 458 (quoting *Pickinpaugh v. Morton,* 268 Or. 9, 17, 519 P.2d 91, 95 (1974)).

Buyers rely on cases decided after *Pickinpaugh v. Morton, supra,* the case on which the division relied in *Destination Travel.* In *Katz v. Van Der Noord, supra,* the buyer repudiated his obligation to close a real estate purchase after the seller breached but before the sale closed. In *Norwood v. Service Distributing Inc., supra,* the buyer repudiated his obligation to continue to make installment payments after the seller allegedly failed to perform its obligations under the contract. There, the Supreme Court of Montana relied on the decisions in *Katz* and *Mackintosh v. California Federal Savings & Loan Ass'n, supra.*

The facts in *Mackintosh* are the most analogous to those here. There, the buyers discovered defects in a home they had purchased, and they sought rescission and damages. The trial court concluded that, because the seller was also the lender, in addition to its duties under the contract, it had a duty to disclose known defects and failed to do so. The trial court granted rescission of the contract and, although the contract of sale contained a fee shifting provision, ruled that the buyers were not entitled to attorney fees because the contract had been rescinded. The Supreme Court of Nevada relied on *Katz* and reversed the trial court, concluding "it would be unjust" to preclude the buyers from recovering attorneys fees when fees were contemplated by the contract.

In our view, these cases are distinguishable. In *Katz* and *Norwood,* the buyers repudiated and sought rescission of the contract to confirm their right to repudiate and to avoid future obligations, not to obtain remedies not provided for in a fully executed contract. In *Mackintosh,* the supreme court appears to have relied, with little discussion, on equitable principles and not on any Nevada precedent preserving selected provisions of a rescinded contact.

■ We conclude that these cases are not consistent with the legal principle that Colorado courts have consistently applied: remedies of rescission of a contract and enforcement of a provision of the same contract are inherently inconsistent. *Destination Travel, Inc. v. McElhanon, supra; Aaberg v. H.A. Harman Co.,* 144 Colo. 579, 358 P.2d 601 (1960); *Holscher v. Ferry,* 131 Colo. 190, 280 P.2d 655 (1955); *Arguelles v. Ridgeway,* 827 P.2d 553 (Colo.App.1991). Moreover, this principle, which we view as the better rule, has also been applied in other jurisdictions. See *Roadway Express, Inc. v. Jossy,* 853 F.2d 736 (9th Cir.1988); *Oral Roberts Univ. v. Anderson,* 11 F.Supp.2d 1336 (N.D.Okla. 1997); *Fay E. Sams Money Purchase Pension Plan v. Jansen,* 3 S.W.3d 753 (Ky.Ct. App.1999); *Pickinpaugh v. Morton, supra; John Deere Co. v. Epstein,* 91 Or.App. 195, 755 P.2d 711 (1988), *aff'd,* 307 Or. 348, 769 P.2d 766 (1989); *BLT Inv. Co. v. Snow,* 586 P.2d 456 (Utah 1978).

■ Thus, we conclude that buyers cannot obtain a benefit from a provision in the contract they succeeded in rescinding. See *Destination Travel, Inc. v. McElhanon, supra;* see also *W. Cities Broad., Inc. v. Schueller,* 830 P.2d 1074 (Colo.App.1991), *aff'd,* 849 P.2d 44 (Colo.1993). Once they elected the remedy of rescission and it was granted by the court, the option of obtaining the benefits of a provision in the rescinded

contract was no longer available to them. *See Destination Travel, supra.*

Hence, we conclude that the trial court did not err when it ruled that plaintiffs were not entitled to attorney fees.

## II. Prejudgment Interest

Buyers next contend that the trial court erred when it denied them prejudgment interest. We agree.

Buyers' post-trial motion sought an award of prejudgment interest pursuant to § 5–12–102, C.R.S.2002. The court ruled that although an award of prejudgment interest is proper in a rescission action, any such award would be offset by the reasonable rental value of the home buyers possessed during the pendency of the action. However, because no evidence was presented and the issue of prejudgment interest was not raised at trial, the court concluded that "there is no basis now ... to award any amount of prejudgment interest."

In *Wall v. Foster Petroleum Corp.*, 791 P.2d 1148, 1151 (Colo.App.1989), a division of this court determined that when money is wrongfully withheld, such as when a contract for a home is rescinded, § 5–12–102 requires that prejudgment interest be awarded and "such an award must be incorporated in the court's assessment of the equities." *See also* § 5–12–102(1)(b), C.R.S.2002; C.R.C.P. 54(c); *Town of Breckenridge v. Golforce, Inc.*, 851 P.2d 214, 217 (Colo.App.1992)("if a court finds that a claimant is entitled to statutory interest under § 5–12–102, the court should award it, even in the absence of a prayer for such relief").

■ Accordingly, we conclude that § 5–12–102 required the trial court to award prejudgment interest. *See Wall v. Foster Petroleum Corp., supra.*

■ In *Wall,* the division remanded the case and directed that the court determine the amount of interest due and offset the value of the plaintiff's use of the property against the claim for interest. Similarly here, because seller was not afforded an opportunity to present evidence regarding possible offsets, the court may, in its discretion, afford seller that opportunity on remand.

## III. Appreciation Damages

■ Finally, buyers contend that the trial court erred when it ruled that they were not entitled to expected appreciation damages. We discern no error.

Buyers sought additional damages for the loss of expected appreciation on the value of the home and argued that they presented unrebutted evidence that similar houses had appreciated $50,000 during the period of their residency.

The trial court denied buyers' request and ruled that because no evidence was presented on the "newly sought damages [including appreciation damages] and since those damages were not itemized in disclosure of the Trial Management Order, [buyers] cannot now come in and pray for recovery of the same."

Buyers argue that this ruling constituted error because they, as opposed to seller, should get the benefit of the appreciation under a theory of unjust enrichment. We disagree.

In *EarthInfo, Inc. v. Hydrosphere Resource Consultants, Inc.*, 900 P.2d 113 (Colo. 1995), the supreme court ruled that profit damages may be disgorged and made available to the nonbreaching party when a contract is rescinded based on breach because rescission of a contract is normally accompanied by restitution on both sides. The court held that "whether profits are awarded to a nonbreaching party shall be determined within the discretion of the trial court on a case by case basis." *EarthInfo, Inc. v. Hydrosphere Res. Consultants, Inc., supra,* 900 P.2d at 118.

Here, the trial court declined to award buyers any appreciation on the house because they did not seek these damages until after judgment was entered.

Although buyers sought "loss of expected appreciation" in their complaint, they did not pursue these damages before or during trial. In this regard, we reject buyers' assertion that their real estate expert's testimony was sufficient to support an award of such damages. The expert's appreciation testimony

merely provided context for his opinion that the underlying drainage problem on the property was an "adverse material fact" and that, although the problem would detrimentally affect the value, it would be "almost impossible" to predict what the house would sell for.

Therefore, because the record supports the trial court's ruling and reasoning, we find no abuse of discretion. *See EarthInfo, Inc. v. Hydrosphere Res. Consultants, Inc., supra.*

The judgment is reversed to the extent it denied buyers' claim for prejudgment interest, and the case is remanded for further proceedings on that claim as necessary. In all other respects, the judgment is affirmed.

Judge ROTHENBERG and Judge VOGT concur.