Cherry, J.,
concurring in part and dissenting in part:
The majority correctly holds that some of the episodes involving Newman’s son, Jacob, were not proven by clear and convincing evidence as required by our caselaw, and that it was an abuse of discretion to admit the testimony of surprise rebuttal witness Connie Ewing. The analysis of these errors by the majority is outstanding and can be considered a landmark holding in the often contested area of NRS 48.045’s prohibition against using character or prior-bad-act testimony to prove criminal responsibility.
My problem with the majority is the holding that these errors were harmless and that said errors did not taint Newman’s right to a fair trial.
I would hold that these substantial errors rooted in NRS 48.045 and the prohibition against using character or bad-act-testimony to prove criminal responsibility are structural and require reversal of appellant’s convictions and the granting of a new trial without the prosecution using these structural errors of inadmissible and highly prejudicial evidence.
It is also important to note that after appellant testified in his own behalf and the defense rested, the trial court permitted Connie Ewing to testify after she came forward after reading about the case in the newspaper. This was not only “trial by ambush,” but also was clearly inadmissible testimony. How can the majority justify this testimony as harmless error?
The majority farther states that “in closing neither side argued the prior-bad-act evidence involving Jacob” and that “the Ewing testimony was alluded to but briefly.” To me this justification for concluding that the errors were harmless is not supported in the law or the facts of this case and is not relevant to the issue of harmless error.[1]
*239 One last thought:
in any test of harmless error, and in any case, an appellate court has only probabilities to go on, not certainties. Nonetheless, when it undertakes to evaluate the probabilities in terms of an error’s effect on the judgment, instead of merely looking at the result as the test of harmlessness, the judicial process at the trial level as well as in appellate review stands to make a long-term gain in fairness without any long-term loss in efficiency. In the long run there would be closer guard against error at the trial, if appellate courts were alert to reverse, in case of doubt, for error that could have contaminated the judgment.[2]
In fight of the burden of proof beyond a reasonable doubt on a prosecutor in a criminal case and the nature of the errors confirmed by the majority, I would reverse appellant’s convictions and grant him a new trial.

 See Randolph v. State, 117 Nev. 970, 984, 36 P.3d 424, 433 (2001) (noting that the jury was instructed that “ ‘[sjtatements, arguments and opinions of counsel are not evidence in the case’” (alteration in original)); Greene v. State, 113 Nev. 157, 169, 931 P.2d 54, 61 (1997) (reiterating the district court’s admonishment that “ ‘arguments of counsel are not evidence, as I’ve told you earlier, and neither are the personal beliefs of counsel as to—as to the implications of that evidence’”), overruled on other grounds by Byford v. State, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000); Flanagan v. State, 112 Nev. 1409, 1420, 930 P.2d 691, 698 (1996) (highlighting the jury instruction that “ ‘[sjtatements, arguments and opinions of counsel are not evidence in the case’” (alteration in original)); Bonacci v. State, 96 Nev. 894, 896-97, 620 P.2d 1244, 1246 (1980) (reiterating the district court’s admonishment that “ ‘arguments of counsel are not evidence’ ”).

 Roger J. Traynor, The Riddle of Harmless Error 22-23 (1970).