An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LAZARO MARTINEZ-HERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63650

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of assault with a deadly weapon. Eighth Judicial District Court, Clark County; Jackie Glass, Judge.

First, appellant Lazaro Martinez-Hernandez argues that the police acted in bad faith in failing to collect the raw video of the incident, which he contends is exculpatory. We discern no plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing un-objected-to error for plain error affecting substantial rights). Martinez-Hernandez did not demonstrate that had the raw footage been available to the defense, the result of the proceedings would have been different. *See Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998) (providing that defendant must show that evidence that police failed to gather was material). Martinez-Hernandez's contention that the raw footage would have supported a conclusion that he brandished the weapon without pointing it at the victim to stop an imminent assault by the victim was "'merely a hoped-for conclusion.'" *Sheriff, Clark Cnty. v. Warner*, 112 Nev. 1234, 1240, 926 P.2d 775, 778 (1996) (quoting *Boggs v. State*, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979)). The record indicates that the video

14-23859

introduced at trial was consistent with the raw footage of the event. The jury apparently observed nothing in the video that suggested the eyewitness' reports of the incident were inaccurate. Further, Martinez-Hernandez failed to demonstrate gross negligence or bad faith on the part of the police officers who collected the recording. *See Daniels*, 114 Nev. at 267, 956 P.2d at 115 (providing that where defendant demonstrates evidence was material, "the court must determine whether the failure to gather evidence was the result of mere negligence, gross negligence, or . . . bad faith" and imposing no sanction for mere negligence). Due to the lack of expertise of the business's staff, a copy of the incident could not be replicated that night. The police could not obtain the video until a knowledgeable staff member could copy it. The district court did not plainly err in not instructing the jury that the evidence would have been unfavorable to the State. *See id.*

Second, Martinez-Hernandez argues that the district court erred in admitting the video because technical glitches rendered it more prejudicial than probative. We discern no plain error. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477. Witnesses testified that the video accurately reflected the events of the evening and a police officer testified that the video was consistent with the raw footage of the events. Further, defense counsel was able to address the defects in front of the jury during the examination of witnesses. Any difference between the admitted copy and the raw footage went to the weight of the evidence and not its admissibility. *See Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972) ("[I]t is sufficient to establish only that it is reasonably certain that no tampering or substitution took place, and the doubt, if any, goes to the weight of the evidence.").

Third, Martinez-Hernandez claims that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), in failing to disclose that the eyewitnesses to the assault were facing charges. Although the information surfaced prior to his sentencing, Martinez-Hernandez did not raise a *Brady* argument in the district court; therefore, we review the issue for plain error. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477. The record indicates that the eyewitnesses to the incident were facing charges, but had not yet been formally charged in the district court. A witness can generally be impeached only with an appropriate felony conviction, not mere arrest. NRS 50.095; *Sheriff v. Hawkins*, 104 Nev. 70, 75 & n.5, 752 P.2d 769, 773 & n.5 (1988). The record does not indicate that the witnesses received favorable treatment in exchange for their testimony in this case. Therefore, Martinez-Hernandez failed to demonstrate plain error affecting his substantial rights.

Fourth, Martinez-Hernandez argues that the district court erred in excluding a defense witness. We discern no abuse of discretion. *See Mitchell v. State*, 124 Nev. 807, 819, 192 P.3d 721, 729 (2008) (reviewing "district court's decision whether to allow an unendorsed witness to testify for abuse of discretion"). Defense counsel attempted to endorse an eyewitness to the incident on the Friday before trial, which began the following Monday. *See* NRS 174.234(1) (requiring written notice of defense witnesses to be served upon the prosecuting attorney "not less than 5 judicial days before trial"). Although a strong presumption exists in favor of allowing late-disclosed witnesses to testify, *see Sampson v. State*, 121 Nev. 820, 827, 122 P.3d 1255, 1260 (2005), the right to present testimony is not absolute and must be balanced against "countervailing public interests," *Taylor v. Illinois*, 484 U.S. 400, 414

(1988). As the witness's name does not appear in the record apart from the argument concerning admitting his testimony, there is no indication that the State could have anticipated the witness and therefore his testimony would have resulted in unfair surprise to the State. *See Sampson*, 121 Nev. at 828, 122 P.3d at 1260.

Fifth, Martinez-Hernandez argues that the district court abused its discretion in failing to give an instruction consistent with his theory of the case. Martinez-Hernandez did not request an instruction defining the offense of exhibiting a weapon in a threatening manner, and we discern no plain error in the district court not giving such an instruction. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477. Martinez-Hernandez pursued a theory of defense that any brandishing of the weapon was justified by the circumstances, which was in opposition to the instruction. *See* NRS 202.320(1) (prohibiting exhibiting of a deadly weapon "in a rude, angry or threatening manner not in necessary self-defense"). Therefore, the district court's failure to sua sponte issue the instruction was not an error that was "so unmistakable that it reveals itself by a casual inspection of the record." *Patterson v. State*, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) (internal quotation omitted); *Bonacci v. State*, 96 Nev. 894, 899, 620 P.2d 1244, 1247 (1980).

Sixth, Martinez-Hernandez claims his conviction was not supported by sufficient evidence. We disagree. When viewed in the light most favorable to the State, the evidence presented at trial is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). The victim and another witness testified that Martinez-Hernandez was upset, pushed the victim, then

retrieved a handgun from his vehicle, pointed it at the victim, and verbally threatened to kill the victim. *See* NRS 200.471. While he contends that other evidence contradicted this testimony, it was for the jury to determine the weight and credibility to give the conflicting testimony. *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Seventh, Martinez-Hernandez argues that cumulative error warrants reversal of his conviction. Because we have found no error, there is nothing to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Michael Villani, District Judge
Law Offices of Martin Hart, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk