# IN THE SUPREME COURT OF THE STATE OF NEVADA

JESSICA LYNN VITALE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79228

FILED

JUL 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of DUI resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Jessica Vitale drove through a red light and struck another car. Police drew Vitale's blood exactly one hour and thirty-five minutes after the accident. When the blood was tested it revealed a blood-alcohol level of .161. On the second day of trial, the State disclosed five photographs of the victim's car it had just received from the victim. The district court admitted one of those photographs. The jury convicted Vitale of driving under the influence causing substantial bodily harm and she was sentenced to 30-96 months.

First, Vitale argues the district court abused its discretion by admitting her blood-alcohol level without retrograde extrapolation evidence and when the testing method was unreliable.[1] We conclude the district

_____

[1]While Vitale also argues there were chain of custody errors concerning her blood sample, we need not reach this issue because Vitale does not contest that the blood sample relied on at trial is her own, nor does she argue it has been tampered with. *See Franko v. State*, 94 Nev. 610, 613, 584 P.3d 678, 679 (1978) ("A proper foundation may be established by a chain of custody or through identification by an appropriate witness."). To the extent, she contends the blood sample is not reliable because it was not

20-26997

court did not abuse its discretion in admitting Vitale's blood-alcohol level without retrograde extrapolation evidence because one of the State's theories of the case was that Vitale's blood alcohol level was more than 0.08 within 2 hours of the accident, and under such theory, retrograde extrapolation was unnecessary. NRS 484C.430(1)(c); *Franks v. State*, 135 Nev. 1, 3, 432 P.3d 752, 754-55 (2019) (providing that this court reviews a district court's decision to admit or exclude evidence for an abuse of discretion). The district court also did not abuse its discretion by admitting Vitale's blood alcohol level when it was originally tested via single-column gas chromatography because the blood alcohol level was later confirmed through double-column gas chromatography, which Vitale does not assert is unreliable, and because the district court permitted the jury to determine the weight to give each expert's testimony regarding the reliability of single-column gas chromatography. *See Leavitt v. Siems*, 130 Nev. 503, 510, 330 P.3d 1, 6 (2014) (providing that if an expert's testimony is speculative, the jury will decide the weight to give the testimony).

Second, we conclude the district court did not abuse its discretion by admitting a photograph of the victim's car disclosed during trial. While the State may not have exercised due diligence in attempting to acquire photos of the car before trial, NRS 174.235(1)(c), the district court has broad discretion in admitting evidence and fashioning a remedy for improperly disclosed evidence, in the absence of a demonstration that the State acted in bad faith or the nondisclosure caused substantial prejudice.

---

properly refrigerated or that admission of the blood sample is a due process violation, we need not address these claims as they are not cogently argued or supported by relevant authority. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

*Evans v. State*, 117 Nev. 609, 638, 28 P.3d 498, 517-18 (2001), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n. 5 (2015). The district court precluded the majority of the photos disclosed during trial and only admitted a single photo. There is no indication that this single photograph affected Vitale's right to a fair trial. *See Harris v. State*, 134 Nev. 877, 880, 432 P.3d 207, 211 (2018) (noting admission of evidence is only precluded when "its probative value is substantially outweighed by the danger of unfair prejudice").

Lastly, we cannot conclude the district court abused its discretion by refusing to provide a jury instruction reflecting Vitale's theory of defense when there is no indication in the record that Vitale requested additional jury instructions. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (this court reviews a district court's decision to settle jury instructions for an abuse of discretion or judicial error); *Bonacci v. State*, 96 Nev. 894, 899, 620 P.2d 1244, 1247 (1980) (explaining that a "failure to object or to request special instructions precludes appellate consideration"). Moreover, in reviewing the district court's alleged failure to provide a *sua sponte* instruction under the plain error standard of review, there is no evidence the district court abused its discretion or prejudiced Vitale's substantial rights to a fair trial.[2] *Berry v. State*, 125 Nev. 265, 283, 212 P.3d 1085, 1097 (2009) (discussing plain error review), *abrogated on other*

---

[2]We have reviewed the parties' remaining arguments and conclude they are without merit.

*grounds by State v. Castaneda*, 126 Nev. 478, 245 P.3d 550 (2010). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Carolyn Ellsworth, District Judge
      Goodman Law Group
      Palazzo Law Firm
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk