## RALPH VAN VALKENBERG, Appellant, *v.* THE STATE OF NEVADA, Respondent.

### No. 10257

May 9, 1979                      594 P.2d 707

*William F. Hess,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Ralph Van Valkenberg appeals his conviction of sale of a controlled substance (morphine), claiming (1) the evidence was insufficient to support the verdict, and (2) the trial court committed prejudicial error by restricting cross-examination of a witness, and in the giving of a certain instruction. We disagree.

1. The record contains the following evidence. Appellant had indicated to one Peter Kobal his desire for assistance in selling some morphine. The day before the offense, Peter Kobal called appellant to arrange a meeting for the sale of the

morphine to a friend of his brother, Mike Kobal. Without Peter's knowledge, his brother was an "informant," and the friend was police detective Kent Clifford.

In an automobile on the evening of the offense, Peter Kobal directed Mike Kobal and officer Clifford to the place they were to meet appellant. Peter exited the automobile, went to a nearby apartment, and returned shortly thereafter with appellant, who asked to see Detective Clifford's money. After the officer showed him approximately three hundred dollars, appellant and Peter Kobal went back to the apartment for a short time, then returned to the vehicle. Appellant told officer Clifford that Peter had the morphine. Peter then handed a vial of morphine to Clifford in exchange for two hundred dollars, of which Peter took ten dollars and gave the rest to appellant. In light of this evidence, the jury could reasonably find appellant was a principal to the transaction, and guilty of the crime charged. *See* Sheriff v. Hodges, 90 Nev. 3, 517 P.2d 1006 (1974); *see also* People v. Taylor, 338 P.2d 377 (Cal. 1959). The evidence is thus sufficient to support the verdict. Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975).

2. On cross-examination of Peter Kobal, the trial court refused to allow inquiry into whether the witness had ever been prosecuted for a drug-related offense. Appellant argues this was reversible error. However, appellant's trial counsel made no offer of proof. Thus, even assuming the inquiry should have been allowed, we have no way of determining whether appellant's substantial rights were prejudiced by the trial court's refusal to allow the witness to respond. We therefore disregard this contention. NRS 47.040(1)(b); NRS 177.255.

Similarly, we decline to review the propriety of the instruction appellant now asserts to be misleading because the record indicates appellant's trial counsel not only failed to object to the instruction, but agreed to it. *See* Hudson v. State, 92 Nev. 84, 545 P.2d 1163 (1976); McCall v. State, 91 Nev. 556, 540 P.2d 95 (1975).

Affirmed.