UNITED STATES of America, Plaintiff,

v.

James William PAINTER, Defendant.

No. 79–00138–01–CR–W–6.

United States District Court,
W. D. Missouri, W. D.

Nov. 29, 1979.

## ORDER DENYING MOTIONS TO SUPPRESS EVIDENCE AND STATEMENT

SACHS, District Judge.

On October 18, 1979, defendant's suitcase was "secured" or seized by federal law enforcement officers at Kansas City International Airport.* A warrant was obtained the following day; the suitcase was then opened, and cocaine found. Defendant

* The term seizure may be confusing in this context, in that it usually refers to property discovered in a "search."

seeks to quash the warrant and suppress use of the cocaine in evidence. He also seeks to suppress certain statements made to the officers during a confrontation at the Kansas City airport.

The defendant first argues that there was no probable cause to form the basis for a lawful detention of the suitcase or for issuance of the search warrant. According to the affidavit used in obtaining the search warrant, which is considered by the Court under a stipulation by the parties, defendant was observed in the Tampa, Florida airport exhibiting what police officers felt to be "nervous" behavior. Defendant had made his airline reservation by telephone and paid for his one-way ticket in cash. Apparently the Tampa police had recently found an unusually large amount of cocaine passing through the area. These circumstances led the Tampa police to notify the Drug Enforcement Administration (DEA) office at Kansas City, Missouri. Since the plane was also to stop in Oklahoma City en route, the police also notified DEA agents there. In Oklahoma City a trained "sniffer dog" was used to inspect baggage on defendant's flight, including defendant's suitcase. The dog "alerted" to the suitcase. The affidavit for the warrant details the dog's training for one and one-half years in the detection of narcotics, including marijuana, heroin, cocaine and "PCP", and the dog's record of uniform success in alerting to the proper bag in experimental situations.

 It is unnecessary to determine if any of the other circumstances taken alone would have been sufficient to support a finding of probable cause, since the Court finds the alert by the dog to have supplied the necessary factor. The "sniff inspection" by the dog was not a search and therefore no probable cause was needed in order for that procedure to take place. *United States v. Bronstein*, 521 F.2d 459 (2d Cir. 1975), *cert. denied*, 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324; *United States v. Venema*, 563 F.2d 1003 (10th Cir. 1977); *Doe v. Renfrow*, 475 F.Supp. 1012 (N.D.Ind. 1979). But the alert by a trained dog can

constitute probable cause in appropriate circumstances. *United States v. Bronstein*, supra; *United States v. Solis*, 536 U.S. 880 (9th Cir. 1976); *United States v. Fulero*, 162 U.S.App.D.C. 206, 498 F.2d 748 (D.C.Cir. 1974). And, where a dog "alerted" to empty containers left in a formerly occupied cabin of defendant, an affidavit to that effect which also alleged that the dog was trained and was used by DEA agents in investigation was sufficiently reliable to establish probable cause for issuance of a search warrant which resulted in the discovery of cocaine in a defendant's hotel room. *United States v. Meyer*, 536 F.2d 963 (1st Cir. 1976).

 The suitcase in this case was "secured" after defendant's arrival in Kansas City, at approximately 8:45 p. m. It was estimated by counsel that the flight from Oklahoma City lasted about an hour, and both counsel agreed that under current procedures actually utilized in this district (requiring preparation of an affidavit), no warrant could have been obtained by the agents during that period of time. Defendant contends that this did not create any exigent circumstances which would justify the warrantless "seizure" of the suitcase for the purpose of securing it until a warrant could be obtained to search it. Most of the cases involving similar facts have conceded the existence of an exigent circumstance for such securing of luggage and have then dealt with the necessity for obtaining the warrant prior to opening and searching the luggage. E. g., *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *United States v. Stevie*, 582 F.2d 1175 (8th Cir. 1978); *United States v. Schleis*, 582 F.2d 1166 (8th Cir. 1978); *United States v. Isom*, 588 F.2d 858 (2d Cir. 1978). Although the probable cause for the detention of luggage in the above-cited cases may have arisen at a point in time closer to the time of the "seizure", the crucial facts are the mobility and thus possible loss of the evidence, and the fact that it was "not practicable to secure a (search) warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564

(1971). The agents in the instant case did not seek to avoid the warrant requirements. They simply could not have obtained a warrant within the time they had. They followed the only procedure which could protect both the defendant's constitutional rights and insure the preservation of the evidence—they secured the suitcase, thereby removing the "exigency", held it unopened until a warrant was obtained, and then searched the contents. Compare *Arkansas v. Sanders*, —— U.S. ——, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *United States v. Chadwick*, supra.

[4] It was argued that a search warrant should have been obtained upon oral testimony, under Rule 41(c)(2), F.R.Crim.Proc. It is obvious, and defendant concedes, that a warrant upon affidavit, under Rule 41(c)(1), could not feasibly be obtained in such a short period.

It may be debated whether an informal, hurried procedure to obtain a search warrant is preferable, from the standpoint of protecting citizens' rights, to the procedure here followed, of "securing" but not searching for the property believed to be criminally possessed and thereafter obtaining a warrant upon affidavit. Doubtless counsel for defendant could debate the proposition either way. Certainly there is no clear violation of citizens' rights in this case, in following the more cautious approach, even though some adverse impact on such rights occurs when property is "secured." No case law has been cited in favor of the procedure urged by defendant's counsel in this case.

It must be recognized that a search is considerably more drastic than a short-term securing of luggage which an officer reasonably believes may contain evidence or contraband. Rule 41 does not require use of the procedural authority for issuing warrants upon oral testimony. It merely permits the procedure "[i]f the circumstances make it reasonable to dispense with a written affidavit." If, in some circumstances, a warrant upon oral testimony could be considered mandatory, this is clearly not a case where such a conclusion must be reached.

■ Defendant also asserts that the description of property in the warrant was insufficient. The search warrant described the suitcase in detail and directed search of the bag for concealed property specified as "controlled substances, in violation of 21 U.S.C. §§ 841 and 844." The language of the warrant must be "sufficiently definite to enable the searcher to reasonably ascertain and identify the place authorized to be searched and the things authorized to be seized." The standard is one of "practical accuracy rather than technical nicety." *United States v. Johnson* 541 F.2d 1311, 1313 (8th Cir. 1976). In light of the circumstances, and considering common usage and the agents to whom the warrant was directed, *Id.*, there is no doubt that the term as used would identify to the searcher the property to be seized as narcotics. Similar generic terms have been upheld. E. g., *United States v. Dubrofsky*, 581 F.2d 208 (9th Cir. 1978).

■ As to the statements made by defendant when he was approached by agents in the Kansas City airport, defendant contends that suppression is appropriate on either of two grounds: *Miranda* warnings were not given; and the statements were involuntary. The DEA agent with whom defendant spoke approached him in an open area of the air terminal and requested that defendant talk with him, to which defendant agreed. The defendant was asked for identification and information as to a person who had met him at the airport. At no time was he under arrest or any physical restraint. It was apparently a brief conversation, ending when the suitcase was detained by the officer, and at no time were any threats made or attempts to elicit any information which the defendant did not seem willing to volunteer. There simply was no coercion of any kind, mental or physical, and the statements made were voluntary. Neither was there any obligation for the officers to provide the recitation of rights set out in *Miranda*. Noncustodial situations involving far more questioning have been held inappropriate for application of the *Miranda* requirements. *Beckwith v. United States*, 425 U.S. 341, 96

S.Ct. 1612, 48 L.Ed.2d 1 (1976). "An interview with Government agents in a situation such as the one shown by this record simply does not present the elements which the *Miranda* Court found so inherently coercive as to require its holding." *Id.* at 347, 96 S.Ct. at 1616. Accordingly, it is hereby

ORDERED that defendant's motions to quash warrant and suppress evidence, and to suppress statements, are denied.