DAVID JOSEPH LATHAM, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 12405

June 15, 1981                                        629 P.2d 780

*Kevin Karp,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Richard F. Cornell,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of possession of a controlled substance, NRS 453.336, after a trial before the bench. Appellant was sentenced to a prison term of three years.

On May 31, 1979, police received an anonymous call from an acquaintance of appellant. The caller stated that appellant would be traveling to California that night in an orange van with brown striping for the purpose of picking up two pounds of marijuana. The caller informed police that appellant would return to work on June 1, and that appellant's van would probably be parked in his employer's parking lot on that day. On

June 1, 1979, the police, after securing the permission of appellant's employer, took a dog trained in narcotics detection to the parking lot. After the dog indicated that an orange van with brown striping might contain controlled substances, the police obtained a search warrant based upon an affidavit which contained the qualifications of the dog, the description of the vehicle, and the results of the canine investigation.

After obtaining the search warrant the police approached appellant as appellant walked to his vehicle. The police showed appellant the warrant and asked appellant to open the van. Appellant opened the van and the dog continued his investigation within the vehicle. The dog indicated that a locked briefcase might contain a controlled substance. Appellant stated that he did not own the briefcase and that he did not have the key. While still in the parking lot, police obtained the necessary tools and pried open the briefcase. The briefcase contained eight bags of marijuana.

In a pretrial motion to suppress, appellant challenged the issuance of the search warrant based upon the canine investigation. The district court found that the warrant was properly issued and denied the motion. Appellant has appealed that determination.

Appellant contends that since the affidavit in support of the issuance of the search warrant does not contain reference to the anonymous tip, the use of the narcotic detection dog was an unreasonable exploratory search.[1] We do not agree.

Appellant primarily relies upon three California appellate decisions, People v. Evans, 134 Cal.Rptr. 436 (Cal.App. 1977), People v. Williams, 124 Cal.Rptr. 253 (Cal.App. 1975), and People v. Furman, 106 Cal.Rptr. 366 (Cal.App. 1973). Those cases indicate that "a search with canines conducted without some preknowledge or reasonably strong suspicion that contraband is to be found in a particular location is a constitutionally impermissible invasion of the suspects' reasonable expectations of privacy and consequently a violation of the Fourth Amendment." People v. Evans, *supra* at 441.

Appellant also cites United States v. Solis, 536 F.2d 883 (9th Cir. 1976). That case is factually similar to the case at bar. It states that trained dogs may be used as a basis for probable cause in appropriate cases. *See also* United States v. Fulero,

---

[1] Appellant also contends on appeal that a search warrant must be obtained prior to searching a locked or closed container found during a lawful search of an automobile. We note that appellant abandoned this argument at the hearing on the motion to suppress. Thus, we will not consider it on appeal. *See* Van Valkenberg v. State, 95 Nev. 317, 594 P.2d 707 (1979) (court declines to review jury instruction where record indicates that counsel not only failed to object to instruction but also agreed to it).

498 F.2d 748 (D.C.Cir. 1974); United States v. Meyer, 536 F.2d 963 (1st Cir. 1976); United States v. Bronstein, 521 F.2d 459 (2d Cir. 1975), *cert. denied,* 424 U.S. 918 (1976); United States v. Painter, 480 F.Supp. 282 (W.D.Mo. 1979).

The cases cited by appellant, when applied to the instant case, do not indicate that appellant's fourth amendment rights have been violated. In the case at bar although the affidavit does not mention the anonymous tip, it does indicate that prior to the use of the narcotic detection dog, there was a suspicion that "controlled substances were located within a 1976 Dodge van, orange in color, bearing Nevada license WGV776." While it is true that the affidavit could have been more carefully drawn, it appears that this affidavit is sufficient even under the California standard. The affidavit does not indicate that there was an indiscriminate canine exploratory search. The affidavit indicates that the dog was used as corroboration of the suspicions or preknowledge of the police. Use of the dog for such corroboration was reasonable under the circumstances. *See* United States v. Solis, *supra.*

The decision of the district court is affirmed.

