An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID VILLEGAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59383

**FILED**

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of 3 counts of lewdness with a child under 14 years of age and 1 count of attempted lewdness with a child under 14 years of age. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

The State alleged that David Villegas touched the vagina of his 5-year-old daughter, A.V., for the purpose of sexual arousal over a period of 16 months. A jury found Villegas guilty of 3 counts of lewdness with a child under the age of 14 and 1 count of attempted lewdness with a child under the age of 14.

On appeal Villegas argues, among other things, that the district court erred by (1) not permitting his expert to be expressly recognized as an expert in front of the jury; (2) refusing to give Villegas's proposed jury instructions; (3) determining that A.V. was competent to testify; (4) admitting A.V.'s out-of-court statements to her family members, her counselor, and the State's forensic interviewer; and (5) denying Villegas's pretrial habeas petition regarding whether prosecution was barred by the doctrine of issue preclusion. Villegas also argues that (6) the information was insufficient and violated his due process rights and (7) the attempt conviction was redundant because the act of lewdness was completed. We address each of his contentions in turn.

14-31831

*Express recognition of witness's expert status*

Villegas argues that the district court erred by permitting his expert witness to give expert opinion testimony but refusing to expressly acknowledge the witness as an expert in front of the jury.

We review the qualification of experts and the admission of expert testimony for an abuse of discretion. *See Perez v. State*, 129 Nev. ___, ___, 313 P.3d 862, 866 (2013). We have previously recognized in dicta that "court[s] must take care not to use terms such as 'qualified as an expert' or 'certified as an expert' when referring to the witness in the presence of the jury" in order to "prevent potential prejudice by either demeaning or promoting the credibility of the witness." *Mulder v. State*, 116 Nev. 1, 13 n.2, 992 P.2d 845, 852 n.2 (2000).

In this case, the district court appears to have simply followed our admonition that it not demean or promote the witness. The court permitted the expert witness to give expert testimony. Villegas presents no legal authority requiring the district court to announce to the jury that his expert was an expert. Thus, we conclude that the district court did not abuse its discretion.

*Jury instruction on particularity of testimony*

Villegas argues that the district court abused its discretion by not giving the following jury instruction: "[T]he alleged victim must testify with some particularity regarding the incident in order to uphold the charge."

"'The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error.'" *Rose v. State*, 123 Nev. 194, 204-05, 163 P.3d 408, 415 (2007) (quoting *Crawford v. State*, 121 Nev. 744,

748, 121 P.3d 582, 585 (2005)). A district court abuses its discretion if its decision regarding a jury instruction is arbitrary or capricious or exceeds the bounds of law or reason. *Crawford*, 121 Nev. at 748, 121 P.3d at 585.

In *Rose*, 123 Nev. at 205, 163 P.3d at 415-16, we held that the district court did not abuse its discretion by refusing to give an instruction on the particularity of a victim's testimony because the particularity of testimony "was sufficiently covered by other jury instructions regarding the State's burden of proof and the reasonable doubt standard." Here, Villegas does not challenge the burden of proof or reasonable doubt instructions. Nor does Villegas cite any authority requiring a jury instruction on the particularity of testimony. Therefore, we conclude that the district court did not abuse its discretion in denying the proposed particularity instruction.[1]

---

[1]Villegas also argues that the instruction on witness credibility given by the district court was improper and prejudicial. And, in a footnote, he argues that the no-corroboration-necessary instruction was also erroneous. We decline to review the witness credibility instruction because Villegas fails to cite legal authority or present cogent argument. *See, e.g., State v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___ n.9, 306 P.3d 369, 385 n.9 (2013) (citing *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987)). We further decline to review the no-corroboration-necessary instruction because the instruction's language was proposed to the district court by Villegas. *See Van Valkenberg v. State*, 95 Nev. 317, 318, 594 P.2d 707, 708 (1979) ("[W]e decline to review the propriety of the instruction . . . because the record indicates appellant's trial counsel not only failed to object to the instruction, but agreed to it.").

*A.V.'s competence*

Villegas argues that A.V. was not competent to testify. However, because Villegas made no objection regarding A.V.'s competency at the competency hearing, we review the issue for plain error. *Truesdell v. State*, 129 Nev. ___, ___, 304 P.3d 396, 403 (2013). For an error to be plain, it must be apparent from a casual inspection of the record. *Holmes v. State*, 129 Nev. ___, ___, 306 P.3d 415, 422 (2013).

A child is competent to testify if "the child [has] the capacity to receive just impressions and possess[es] the ability to relate them truthfully." *Wilson v. State*, 96 Nev. 422, 423, 610 P.2d 184, 185 (1980).

In this case, although some of A.V.'s retellings appear inconsistent, consistency is not a factor for competency. We have held that "[i]nconsistencies in the testimony go to the weight of the evidence." *Evans v. State*, 117 Nev. 609, 624, 28 P.3d 498, 509 (2001). Weight, or credibility, is different than competence. *See* 98 C.J.S. *Witnesses* § 87 (2013) ("The competency of a witness to testify is to be distinguished from a witness's credibility. Testimonial competency relates to the capacity of a witness to recollect and communicate facts and appreciate the obligation to tell the truth, and it is a test of intellectual capacity, not veracity.").

After questioning A.V. on the difference between truth and lies, basic facts about her family, and her recollection of school activities, the district court declared A.V. competent. Our review of the record does not contradict the district court's determination that A.V. possessed "the capacity to receive just impressions and . . . the ability to relate them truthfully." *Wilson*, 96 Nev. at 423, 610 P.2d at 185. Thus, we conclude that the district court did not plainly err by determining that A.V. was competent to testify.

*Admissibility of A.V.'s hearsay statements*

The district court admitted testimony regarding A.V.'s out-of-court statements to others about her sexual abuse. NRS 51.385 permits a court to admit such statements provided that the district court finds "that the time, content and circumstances" of the statements are sufficiently trustworthy. Villegas argues that A.V's statements were not reliable because they occurred during a bitter custody dispute, because A.V. participated in victim's therapy operating under the assumption she had been abused, and because there was evidence of spousal alienation and coaching by Villegas's ex-wife. He also notes the many inconsistencies in A.V.'s several recountings of the alleged abuse.

We will not question a district court's reliability determination "unless the factual determination is obvious, one way or the other." *Felix v. State*, 109 Nev. 151, 197, 849 P.2d 220, 251 (1993), *superseded on other grounds by statute as stated in Evans*, 117 Nev. at 625, 28 P.3d at 509. In *Felix*, we held that the reliability of a child's hearsay statements, wherein fantastical and incredible statements were interspersed with some more realistic statements, was a "reasonably close" determination that we left up to the district court and declined to upset on appeal. 109 Nev. at 197-99, 849 P.2d at 251-52.

Here, the district court heard the proffered testimony, considered the factors listed in NRS 51.385(2), and found that the statements met the criteria. The facts do not show the district court's interpretation to be manifestly erroneous. Granted, some of A.V.'s hearsay statements were clearly incredible. For example, she told one interviewer that Villegas touched her while she was in bed and he was on the other side of the room on the floor, but she was unable to explain how

this was possible. A.V. also testified that Villegas called her ugly when she was in her mother's womb. However, as in *Felix*, these incredible statements were accompanied by somewhat more likely statements, such as consistent testimony that Villegas always touched her vagina at night while in she was in bed. In this kind of close case, we will not upset the district court's reliability determination. *Felix*, 109 Nev. at 197, 849 P.2d at 251. And although it is true that the hearsay statements of A.V. were sometimes inconsistent, consistency is not a factor for admissibility under NRS 51.385(2). Accordingly, we conclude that that the district court did not abuse its discretion in admitting A.V.'s out-of-court statements.

*Issue preclusion*

Villegas argues that, under double jeopardy principles, a juvenile court's dismissal of a child abuse-neglect petition, regarding Villegas's alleged touching of A.V., precludes relitigation of the same events in criminal proceedings.

Issue preclusion, commonly known as collateral estoppel, is embodied in the Fifth Amendment's guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 444-45 (1970). "A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal." *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008).

Many jurisdictions have held, and we agree, that civil family court or juvenile court proceedings that do not adequately represent the State's interest in punishment cannot preclude later criminal prosecution. *See Dranow v. United States*, 307 F.2d 545, 556 (8th Cir. 1962) ("There can be no doubt . . . that res judicata and collateral estoppel are applicable in a criminal action although a prior proceeding was civil in character. But

that proposition has this qualification: that both actions are based upon the same facts and both have as their object, 'punishment.' Where the object of the prior civil action and subsequent criminal action is not 'punishment,' res judicata is inapplicable"); *People v. Wouk*, 739 N.E.2d 64, 70 (Ill. App. Ct. 2000); *State v. Matson*, No. A09-555, 2010 WL 606775, at *2 (Minn. Ct. App. Feb. 23, 2010); *People v. Roselle*, 602 N.Y.S.2d 50, 57 (App. Div. 1993), *aff'd*, 643 N.E.2d 72 (N.Y. 1994). *But see Lockwood v. Superior Court*, 206 Cal. Rptr. 785, 788 (Ct. App. 1984). The State's interest in punishment is a distinct one that is not adequately represented in juvenile proceedings. *See Wouk*, 739 N.E.2d at 70. Without adequate representation of the State's interest, the traditional issue preclusion element of privity cannot be satisfied. *Cf. Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 480, 215 P.3d 709, 717 (2009) (stating that, to establish privity, federal issue preclusion requires that a "party's interests were adequately represented in the prior litigation"). Therefore issue preclusion and its constitutional dimension do not apply to this case.

*Sufficiency of the information*

Villegas argues that the four lewdness counts were generically and repetitively worded in the State's information and therefore violated his due process rights. We review constitutional issues de novo. *Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1277 (2012).

Indictments serve to provide both notice to the accused of the offense to be charged and protection against possible double jeopardy. *See Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Debrow*, 346 U.S. 374, 377-78 (1953). In *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005), the Sixth Circuit held that an indictment did not provide notice or protect against double jeopardy where it included two

different sets of 20 indistinguishable counts of sexual abuse. The court reasoned that the jury would not be able to decide each count individually because there were "absolutely no distinctions made": Acquitting on some counts but not others would have been "unintelligible, because the criminal counts were not connected to distinguishable incidents." *Id.* at 632-33. The Sixth Circuit panel wrote that "[s]tates have the authority to enact criminal statutes regarding a 'pattern' or a 'continuing course' of abuse. They do not have the power to prosecute one for a pattern of abuse through simply charging a defendant with the same basic offense many times over."[2] *Id.* at 634.

The *Valentine* court also held that the statute did not adequately protect against double jeopardy because the several charges were not linked to separate incidents. *Id.* at 635. It pointed out that it "cannot be sure what double jeopardy would prohibit because [it] cannot be sure what factual incidents were presented and decided by this jury." *Id.*

We find *Valentine* persuasive and join those jurisdictions adopting its reasoning. *See Goforth v. State*, 70 So. 3d 174, 189 (Miss. 2011); *State v. Dominguez*, 178 P.3d 834, 838 (N.M. Ct. App. 2008).

In this case, Villegas was charged with three identical counts of lewdness with a child under the age of 14 (counts one, two, and four). A.V.'s testimony did not differentiate between the counts, stating only that

---

[2]California and Texas have enacted such "continuing course" statutes applicable to cases analogous to this one. *See, e.g., People v. Cissna*, 106 Cal. Rptr. 3d 54, 68 (Ct. App. 2010); *Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex. Ct. App. 2010).

Villegas touched her vagina "[m]ostly every time I kind of went there" over a 17-month period. At most, the evidence can be interpreted to support two specific recollections of abuse. A.V. indicated that the abuse occurred both when Villegas lived with a friend as well as when he lived with his parents. And A.V.'s sister, S.V., testified that she witnessed a single occurrence of sexual abuse sometime after A.V. revealed that an initial incident of abuse had occurred.

Thus, we conclude that one of the three identical counts violates Villegas's right to due process. The "carbon-copy," *Valentine*, 395 F.3d at 635, counts in the information did not provide Villegas with notice to adequately distinguish between the counts. And the evidence presented at trial only factually distinguished two incidents. Accordingly, we reverse Villegas's conviction on count 4 of the information.

*Redundancy of attempt conviction*

Villegas argues that the alleged attempt occurred in the same continuous act as the alleged lewdness. He asserts that the attempt merged with the completed act and that the evidence cannot support a separate attempt conviction.

When testimony or other evidence does not reveal the specific sequence of events, there is insufficient evidence to support a conviction of both attempt and completed lewdness arising out of the same acts. *Cf. Gaxiola v. State*, 121 Nev. 638, 652-53, 119 P.3d 1225, 1234-36 (2005) (vacating a lewdness conviction on redundancy grounds where "it is impossible to determine whether the lewdness was incidental to the sexual assault because the child did not testify regarding the sequence of events"). However, if there is evidence showing an attempt followed by completion, but interrupted by some (however small) period of time, then

an attempt conviction may stand. *Cf. Wright v. State*, 106 Nev. 647, 650, 799 P.2d 548, 549-50 (1990) ("The testimony of the victim established that between the attempted and completed assaults, Wright stopped and waited while a car passed. These facts support separate convictions for separate acts, even though the acts were the result of a single encounter and all occurred within a relatively short time.").

Here, A.V. testified that one time that Villegas touched her she "tried to push his hand away, but it just didn't work." She explained that by "didn't work" she meant "he just kept doing it, I guess." The State, in closing arguments, based its attempt argument on this event.

A.V.'s testimony does not provide an exact timeline. She said that her attempt to push his hand away didn't work because he kept touching her. This testimony does not temporally distinguish between two separate acts. As in *Gaxiola*, the testimony is simply insufficient to establish the exact sequence of events. Therefore, we hold that the attempt conviction is redundant and we reverse Villegas's conviction on count 3.

*Conclusion*

In sum, we reverse on count 4 because the information was insufficient and thereby violated Villegas's due process rights. We further reverse on count 3 because the evidence did not sufficiently distinguish

between the acts constituting the attempt and those constituting the completed act. We affirm the judgment of conviction as to all other counts.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Valerie Adair, District Judge
Sterling Law, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We have reviewed Villegas's arguments that the district court abused its discretion by prohibiting Villegas from impeaching A.V.'s mother using a prior conviction, that the evidence was insufficient to support conviction, and that cumulative error warrants reversal. We conclude that all three arguments lack merit.

