# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN CARR,
Appellant,
vs.
GUSTAVO PAREDES; AND KAYLA D.
PAREDES,
Respondents.

No. 60318

JOHN CARR,
Appellant,
vs.
GUSTAVO PAREDES; AND KAYLA D.
PAREDES,
Respondents.

No. 61301

**FILED**

JAN 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court order entering judgment on a jury verdict in a tort action and post-judgment orders awarding costs and denying a motion for a new trial. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Senior Judge; Kerry Louise Earley, Judge.

Appellant John Carr sued respondent Gustavo Paredes for injuries allegedly sustained when Paredes's car slid into Carr's on a snowy day. The jury returned a verdict for Paredes and Carr moved for a new trial, which the district court denied. Carr appeals, seeking reversal and remand for a new trial. He raises four issues: (1) the jury manifestly disregarded its instructions, (2) the district court erred when it allowed Dr. Duke to testify as an expert rebuttal witness, (3) the district court erred when it refused to allow Dr. Grover and Dr. Leon to surrebut Dr.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-01355

Duke, and (4) Paredes's attorney's improper remarks warrant a new trial. We affirm.

*Whether the jury manifestly disregarded its instructions*

NRCP 59(a)(5) authorizes a district court to grant a new trial if there has been a "[m]anifest disregard by the jury of the instructions of the court." To meet this demanding standard, the movant must establish "that, had the jurors properly applied the instructions of the court, it would have been *impossible* for [the jury] to reach the verdict" they did. *Weaver Bros., Ltd. v. Misskelley,* 98 Nev. 232, 234, 645 P.2d 438, 439 (1982) (emphasis added). Denial of a motion for a new trial is reviewed for abuse of discretion. *Grosjean v. Imperial Palace, Inc.,* 125 Nev. 349, 362, 212 P.3d 1068, 1077 (2009). Although the evidence was in sharp dispute, the record demonstrates that it was not impossible for the jury to find Carr failed to prove that Paredes's negligence caused the injuries and consequent damages he claimed. Thus, the district court did not abuse its discretion in denying Carr's motion for a new trial under NRCP 59(a)(5).

*Dr. Duke's designation and testimony as an expert rebuttal witness*

The admissibility of expert rebuttal testimony lies within the sound discretion of the trial court. *Hallmark v. Eldridge,* 124 Nev. 492, 498, 189 P.3d 646, 650 (2008). Expert rebuttal witnesses are proper if they contradict or rebut the subject matter of the original expert witness. *Downs v. River City Grp., LLC,* No. 3:11-cv-00885-LRH-WGC, 2014 WL 814303, at *2 (D. Nev. Feb. 28, 2014). Harmless error does not warrant a new trial. *See* NRCP 61. For error in the admission or exclusion of evidence to merit a new trial, "the movant must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached." *Wyeth v. Rowatt,*

126 Nev. 446, 465, 244 P.3d 765, 778 (2010); *see also Bongiovi v. Sullivan,* 122 Nev. 556, 575, 138 P.3d 433, 447 (2006) ("an error in the admission of evidence is not grounds for a new trial or for setting aside a verdict unless the error is inconsistent with substantial justice").

Carr's discussion of Dr. Duke's designation and trial testimony confuses expert rebuttal witnesses, who are designated pretrial "to contradict or rebut" case-in-chief experts, *see* NRCP 16.1(a)(2)(C) (2011), with lay rebuttal witnesses, who may be called at trial to rebut new or unforeseen evidence offered by the adverse party, *see Morgan v. Commercial Union Assurance Cos.,* 606 F.2d 554 (5th Cir. 1979). While an expert rebuttal witness cannot testify to matters beyond the scope and subject matter of the case-in-chief expert's opinions, a rebuttal expert is designated pretrial to refute a designated case-in-chief expert's expected testimony. The standards for rebutting surprise lay witness testimony at trial differ from the standards that apply to designated rebuttal experts.

Here, Dr. Duke was designated during discovery to rebut the expected opinions of the treating physicians Carr designated. Both in his designation and at trial, Dr. Duke largely confined his testimony to the opinions offered by Carr's treating-physician experts, Dr. Shang, Dr. Leon, and Dr. Grover, the scope and subject matter of whose testimony concerned: (1) the diagnosis, (2) treatment, (3) response, and (4) medical billing of Carr. Since Dr. Duke stayed within the scope and subject matter of Carr's treating physicians' expected and actual trial testimony, the district court did not abuse its discretion in allowing Dr. Duke to testify as

a rebuttal expert.[1]  While we question whether Dr. Duke exceeded the scope of a true rebuttal expert in remarking upon Carr's psychological factors, the error in allowing this testimony, if any, did not affect Carr's substantial rights because it does not reasonably appear likely to have changed the outcome at trial.

*Dr. Grover's and Dr. Leon's surrebuttal testimony*

To preserve excluded testimony for appeal, the party must make a specific offer of proof to the trial court on the record.  *Van Valkenberg v. State*, 95 Nev. 317, 318, 594 P.2d 707, 708 (1979); *see also* NRS 47.040(1)(b).  The specific offer of proof affords a basis for both the district court and this court to determine if the surrebuttal testimony would be cumulative or if it moved past treatment to subjects that would have required a pretrial disclosure, even from a treating physician. Because Carr did not make an offer of proof respecting the proffered surrebuttal, and each of the proposed surrebuttal witnesses had already testified in Carr's case in chief, it is unclear that their testimony on surrebuttal would not have been merely cumulative.  Rather than address this point, Carr merely argued that his expert witnesses should be allowed to surrebut Dr. Duke because their rebuttal would be based upon their personal treatment of Carr.  While the district court's ruling excluding the surrebuttal may have been error because treating physicians are not required to submit a report unless their testimony exceeds their personal treatment of the patient, *FCH1, LLC v. Rodriguez*, 130 Nev., Adv. Op. 46, 335 P.3d 183, 189 (2014), we cannot resolve the matter due to the failure

---

[1]We note that Paredes timely designated a case-in-chief expert, whom he did not call at trial, but whose designation covered some of the same subjects as Dr. Duke and Carr's treating physicians did.

to specify the substance of the proffered surrebuttal testimony on the record. The error, if any, in denying surrebuttal thus was waived and appears harmless in any event.

*Paredes's attorney's improper remarks*

Finally, Carr complains that the opposing counsel's misconduct requires a new trial. This court previously vacated the district court's order denying the motion for a new trial and remanded the matter to the district court to make specific findings regarding attorney misconduct pursuant to *Lioce v. Cohen*, 124 Nev. 1, 19-20, 174 P.3d 970, 982 (2008). *See Carr v. Paredes*, Docket Nos. 60318 & 61301 (Order Vacating In Part and Remanding, February 10, 2014). The district court subsequently found that Paredes's attorney (1) did not violate the order in limine prohibiting her from referring to the accident as unavoidable, and (2) the improper comments to which Carr failed to object did not amount to plain error. Because Carr's motion for new trial did not challenge Paredes's counsel's golden rule arguments or interjection of personal opinion, the district court did not rule on those two issues.

When a party objects to attorney misconduct and the objection is sustained, the misconduct must be "so extreme that the objection and admonishment could not remove the misconduct's effect." *Lioce*, 124 Nev. at 17, 174 P.3d at 981. If the objection is overruled, then the overruling must be in error and the court's admonishment would have likely changed the verdict. *Id.* at 18, 174 P.3d at 981. If there was no objection, then there must be no other reasonable explanation for the verdict, i.e., plain error. *Id.* at 19, 174 P.3d at 981-82, *Grosjean*, 125 Nev. at 364, 212 P.3d at 1079. "Whether an attorney's comments are misconduct" is reviewed de novo; "however, we will give deference to the district court's factual

findings and application of the standards to the facts." *Lioce*, 124 Nev. at 20, 174 P.3d at 982.

The unobjected-to conduct did not constitute plain error because there was another reasonable explanation for the verdict: the jury simply could have found that Carr did not suffer compensable injury as a result of a breach of duty by Paredes. Turning to the conduct that was objected to but overruled, we conclude that an admonishment was unlikely to have changed the verdict. Finally, Carr has not met his burden of proving that the objected-to misconduct had an effect upon the jury. While certain of Paredes's attorney's comments were improper, they were not of the severity and pervasiveness as found in *Lioce*, and did not encourage the jury to ignore the facts and decide the case based upon their personal prejudices and opinions.

Accordingly, we ORDER the judgments of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Eighth Judicial District Court Dept. 4
Hon. Kerry Louise Earley, District Judge
Phillip Aurbach, Settlement Judge
Eglet Prince
Keating Law Group
Pyatt Silvestri
Eighth District Court Clerk